IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEFFREY DESHUN PERRYMAN, | : | |
| Plaintiff, | : | |
| VS. | : | 7:12-CV-155 (HL) |
| TED PHILBIN, and<br>AL JONES, | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. §1983 on November 20, 2012. (Doc. 1). Presently pending in this action are Defendants' Motion to Dismiss (Doc. 18), and eleven miscellaneous motions filed by Plaintiff. (Docs. 25, 29, 30, 31, 35, 36, 39, 43, 45, 46, 47).

**Background**

Plaintiff alleges that the medical staff at Valdosta State Prison ("VSP") does not give Plaintiff his accu-check and insulin at the correct times. (Doc. 1). Plaintiff contends that he has complained about the problem to Defendants Warden Ted Philbin and Medical Director Al Jones.

*Motion to Dismiss (Doc. 18)*

Defendants have filed a Motion to Dismiss stating, in part, that Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

To survive a motion to dismiss, a complaint must contain sufficient

> factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must establish that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

In his Complaint, Plaintiff alleges that he has not been receiving his accu-check and insulin at the correct times. (Doc. 1). Deliberate indifference entails more than mere negligence, and must be more than a medical judgment call or an inadvertent failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980). An inmate who receives adequate medical care, but disagrees with the mode or amount of treatment has not established deliberate indifference. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Medical negligence, medical

3

malpractice, or disagreements over the method of treatment are not sufficient to state a claim of deliberate indifference.  *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006); *see also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("a simple difference in medical opinion" does not constitute deliberate indifference).

It appears Plaintiff disagrees with only the timing of when he receives his accu-check and insulin shot.   There is no allegation that the shot was given early or late out of a "conscious or callous indifference" to Plaintiff's medical needs.  *See Smith v. Reg'l Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) ("a plaintiff must allege a conscious or callous indifference to a prisoner's rights").   Accordingly, Plaintiff has not stated a claim of deliberate indifference to a serious medical need.  *See Bruce v. Gregory*, 2012 WL 5907058, *5 (M.D. Fla., Nov. 26, 2012) (finding the plaintiff did not state a claim of deliberate indifference when he alleged that he received his insulin hours late).

As to Defendants specifically, Plaintiff alleges only that he had "been complaining to Warden Philbin and the Medical Director Al Jones about the times [he was] suppose[d] to be given [his] check/insulin shots."   (Doc. 1, p. 5).   Plaintiff provides no other information or allegations to show that Defendants were responsible for Plaintiff not receiving his insulin at the correct time, that Defendants knew Plaintiff's delay in receiving his accu-check and insulin caused a serious risk of harm, and that Defendants acted with deliberate indifference to a serious medical need.   As he has not alleged facts to show Defendants were deliberately indifferent to his serious medical need, Plaintiff has not stated a claim.

To the extent that Plaintiff is attempting to hold Defendants liable because of their supervisory position, this claim must also fail.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)

(holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability).   The Complaint contains no allegations that Defendants were personally involved in any alleged denial of Plaintiff's Eighth Amendment right, nor are there allegations that there is a causal connection between Defendants and the alleged denial of rights.

The undersigned finds that Plaintiff has failed to state a claim for which relief can be granted against Defendants.   Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Injunctive Relief (Docs. 31, 35, 39, 45, 46)*

Plaintiff has filed several Motions requesting the Court grant him injunctive relief against non-parties VSP and Georgia State Prison ("GSP") due to alleged violations that were/are being committed against him.   Plaintiff does not appear to be seeking injunctive relief against Defendants.

The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party.  *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995); *see also Bowman v. Crosby*, 2005 WL 1278173, *1 (N.D. Fla. May 26, 2005) ("the persons from whom injunctive relief is sought must be parties to the underlying action"). As VSP and GSP are not parties to this action, the Court lacks subject matter jurisdiction to issue injunctive relief against them.

To the extent he is requesting injunctive relief against Defendants for the alleged violations that occurred at VSP, Plaintiff's Motions are mooted by his transfer to GSP.   Under established law in

this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to a different prison facility. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). On April 29, 2013, Plaintiff notified the Court that he had been transferred from VSP to GSP. (Doc. 41). As Plaintiff has been transferred, any alleged claims for injunctive relief against Defendants have been mooted.

As Plaintiff is seeking injunctive relief against non-parties and as Plaintiff has been transferred to a new prison, it is the recommendation of the undersigned that Plaintiff's Motions for injunctive relief (Docs. 31, 35, 39, 45, 46) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Plaintiff's request for a stay pending the resolution of his Motions for injunctive relief (Doc. 35) and Motion to Consider Exhibit Evidence (Doc. 36) are **found to be moot**.

*Motion to Amend (Doc. 29)*

Plaintiff filed this Motion for Leave to File an Amended Complaint on March 21, 2013. Plaintiff seeks to add several nurses who brought him his accu-check and insulin because it will help with his discovery. Plaintiff filed his original Complaint on November 20, 2012, and on November 30, 2012 the waivers of service and the Complaint were mailed to Defendants. (Docs. 1, 8-9). Defendants filed their Pre-Answer Motion to Dismiss on January 29, 2013. (Doc. 18).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or

>    (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
>    In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend is clearly untimely under Rule 15(a)(1). The Motion to Amend was filed more than twenty-one (21) days after the Complaint was served and more than twenty-one (21) days after service of a responsive pleading, the Pre-Answer Motion to Dismiss. Additionally, Defendants have not consented to Plaintiff's proposed amendment. Therefore, Plaintiff's only remaining means to amend his Complaint is by leave of Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has failed to state a claim against any of the proposed defendants. Plaintiff has not alleged that these proposed defendants violated his constitutional rights. It appears Plaintiff would like to add these proposed defendants simply because their depositions and interrogatories might be

helpful to his case.  The Court finds that Plaintiff's proposed amendment would be dismissed for failure to state a claim, and thus, is futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").  Accordingly, Plaintiff's Motion for Leave to Amend is hereby **DENIED**.

*Discovery Requests (Docs. 25, 29, 35, 43)*

Plaintiff filed a "Motion to Discovery" outlining his exhaustion of his administrative remedies. (Doc. 25).  The Court will interpret Plaintiff's "Motion" as a response to Defendants' Motion to Dismiss.  As Plaintiff did not ask for relief in this "Motion" (Doc. 25), it is **DENIED as moot.**

In his Motion to Amend, Plaintiff requested the Court order VSP to name all the nurses that gave him his accu-check and insulin.  (Doc. 29).  Additionally, Plaintiff has requested the Court enter an order allowing Plaintiff to obtain affidavits from inmates housed in segregation at VSP, and allowing him to write to two inmates who were transferred to Autry State Prison so he can obtain declarations. (Docs. 35, 43).

Discovery has been temporarily stayed in this case, except discovery as to Plaintiff's exhaustion of administrative remedies.  (*See* Doc. 21).  It appears Plaintiff is attempting to engage in general discovery, which violates the Court's temporary stay of discovery.  Furthermore, it is the responsibility of Plaintiff to conduct his own discovery; it is not for the Court to conduct Plaintiff's discovery for him.  Accordingly, Plaintiff's Motions (Docs. 29, 35, 43) are hereby **DENIED**.

*Appointment of Counsel (Docs. 30, 47)*

Plaintiff filed Motions for Appointment of Counsel on March 21, 2013 and May 15, 2013. Generally speaking, no right to counsel exists in § 1983 actions.  *Bass v. Perrin*, 170 F.3d 1312, 1320

(11th Cir. 1999); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.  *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.   The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 9th day of July, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf